UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

       v.                                                         Case No. 19-CR-0176

JASMINE L. GILLETTE,

        Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Jasmine Gillette was sentenced to three years in prison following a conviction for Conspiracy to Distribute a Controlled Substance, contrary to 21 U.S.C. § 846, and 841(b)(1)(A) and 18 U.S.C. § 2. Gillette's Judgment was entered on March 9, 2020, and on April 9, 2020 Gillette filed a pro se motion requesting compassionate release due to the Covid-19 virus and her current medical conditions, citing asthma and Hepatitis C. A week later she filed a second motion seeking the same relief. The court held a telephone hearing on April 24, 2020, to address her request.

Under the First Step Act of 2018, a sentencing court can grant a motion for compassionate release if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §582(c)(1)(A). That provision requires an inmate to first submit a request to the warden of the facility in which he is serving his sentence and wait for a response or 30 days, whichever is earlier, before filing a request with the court. Gillette, however, is currently held at the Dodge County Detention Center, awaiting transfer to a Bureau of Prisons federal facility. Her transfer has been delayed due to the COVID-19 pandemic. Until she arrives at a federal facility, it would appear

impossible for her to submit her request to the warden of the federal facility where she is housed as required by the statute. Given this fact, I conclude that the exhaustion of administrative remedies requirement is waived. One cannot exhaust administrative remedies that are unavailable.

Gillette's request for compassionate release nevertheless fails on the merits. Gillette is relatively young. She has just turned 25 years of age. According to the Presentence Report filed less than two months ago, she stated she was "in good physical health with only minor medical problems." Dkt. No. 106, ¶81. She did note a history of asthma, but stated it had been historically treated with two different inhalers. Well-controlled asthma is relatively common among prisoners and there is no evidence it renders a young person especially vulnerable. Although Gillette also states she has Hepatitis C, that condition was not mentioned in the Presentence Report, and Gillette has not indicated her condition is so severe as to make her more susceptible to the disease as those with other health conditions. Finally, the court notes that there have been no Covid-19 cases among inmates or staff at the Dodge Detention Center, and those in charge are using care to quarantine any newly arriving prisoners.

For these reasons, I am unable to find the extraordinary and compelling reasons required by the statute. Gillette's motion is therefore denied.

**SO ORDERED** this  27th  day of April, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court